UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| NESTEC S.A., ) | |
| ) | |
|     Plaintiff/ ) | |
|     Counterclaim Defendant, ) | |
| ) | |
| v. ) | No. 4:08-CV-1662 CAS |
| ) | |
| WYSONG CORPORATION, ) | |
| ) | |
|     Defendant/ ) | |
|     Counterclaim Plaintiff. ) | |

## ORDER

This matter is before the Court on defendant/counterclaim plaintiff Wysong Corporation's ("Wysong") motion to stay proceedings or, alternatively, for a Markman hearing. Plaintiff/counterclaim defendant Nestec, S.A. ("Nestec") does not oppose the motion to stay the proceedings. For the following reasons, the motion will be granted and this case shall be stayed pending the decision of the U.S. Patent and Trademark Office ("PTO") on Wysong's ex parte reexamination application.

On February 23, 2009, Wysong filed an application for ex parte reexamination of Claims 1 - 7 of the patent that is the subject of this patent infringement action. Wysong has denied the validity of the patent on the ground that it was acquired through the use of inequitable conduct and is otherwise invalid pursuant to 35 U.S.C. § 102(a). Wysong seeks to stay these proceedings pending the decision of the PTO on the reexamination application. The decision of the PTO is relevant and material to the defenses and counterclaims asserted by Wysong, and a determination of invalidity of the patent or a modification of the patent could render the infringement action moot or establish elements of the counterclaims asserted by Wysong.

A stay in this case pending the decision by the PTO on Wysong's reexamination application might simplify the issues in question and facilitate the trial of this case. Nestec does not oppose the stay. Nestec would not be unduly prejudiced by a stay pending reexamination, and the stay would not present any clear tactical advantage to either party. Additionally, this case is in its initial stages and the Rule 16 conference has not taken place. No scheduling order has been issued in this case. See generally Xerox Corp. v. 3M corp., 69 F. Supp. 2d 404, 407-08 (W.D.N.Y. 1999) (discussing three-part test for a court to use in determining whether a stay should be granted). The Court has the discretion to issue a stay pursuant to its authority to control its docket. Having reviewed the file and noted the preliminary status of the proceedings, the Court concludes it would be in the interest of judicial economy to stay this matter pending a decision by the PTO, rather than to require the parties to proceed with the filing of a responsive pleading to the amended counterclaims and discovery.

The parties will be ordered to notify the Court within ten (10) days after the PTO's decision has been made, so that the stay may be promptly lifted and appropriate action taken herein.

Accordingly,

**IT IS HEREBY ORDERED** that defendant/counterclaim plaintiff Wysong Corporation's motion to stay the proceedings is **GRANTED**. [Doc. 29]

**IT IS FURTHER ORDERED** that within ten (10) days of a decision by the U.S. Patent and Trademark Office on the ex parte reexamination application, the parties shall notify this Court in writing of the U.S. Patent and Trademark Office's decision.

**IT IS FURTHER ORDERED** that further action in the present case is **STAYED** pending the decision by the U.S. Patent and Trademark Office on the ex parte reexamination application.



                                              **CHARLES A. SHAW**
                                              **UNITED STATES DISTRICT JUDGE**

Dated this \_\_14th\_\_ day of April, 2009.